Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JULIO TELLEZ GARCIA, JULIO CESAR GARCIA, CARLOS TAPIA, CESAR TELLO VARGAS, JULIO CESAR GANDARILLA, and ALEJANDRO MENDEZ, individually and on behalf of all others similarly situated,

                                     Plaintiffs,

-against-

SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, SALVATORE'S CORP. D/B/A COPPOLA'S EAST and SALVATORE COPPOLA, MARIAN OUATU, and KENNY KAISER, as individuals,

                                     Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL REQUESTED

1. Plaintiffs, **JULIO TELLEZ GARCIA, JULIO CESAR GARCIA, CARLOS TAPIA, CESAR TELLO VARGAS, JULIO CESAR GANDARILLA, and ALEJANDRO MENDEZ**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **JULIO TELLEZ GARCIA, JULIO CESAR GARCIA, CARLOS TAPIA, CESAR TELLO VARGAS, JULIO CESAR GANDARILLA, and ALEJANDRO MENDEZ**, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against **SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, SALVATORE'S CORP. D/B/A COPPOLA'S EAST and SALVATORE COPPOLA, MARIAN OUATU, and KENNY KAISER, as**

1

**individuals**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST located at 206 W. 79th Street, New York, New York 10024 and SALVATORE'S CORP. D/B/A COPPOLA'S EAST located 378 3rd Avenue, New York, New York 10016.

3. Plaintiff **JULIO TELLEZ GARCIA** was employed by Defendants from in or around 1998 until in or around August 2017.

4. Plaintiff **JULIO CESAR GARCIA** has been employed by Defendants from in or around 2002 until in or around January 2017.

5. Plaintiff **CARLOS TAPIA** was employed by Defendants from in or around April 2015 until in or around September 2017.

6. Plaintiff **CESAR TELLO VARGAS** was employed by Defendants from in or around April 2012 until in or around May 2015.

7. Plaintiff **JULIO CESAR GANDARILLA** was employed by Defendants from in or around September 2014 until in or around October 2015.

8. Plaintiff **ALEJANDRO MENDEZ** was employed by Defendants in or around June 2013.

9. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

11. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

12. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

13. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

**THE PARTIES**

14. Plaintiff JULIO TELLEZ GARCIA resides at 108-64 48th Avenue, Corona, New York 11368, and was employed by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST AND SALVATORE'S CORP. D/B/A COPPOLA'S EAST from in or around 1998 until in or around August 2017.

15. Plaintiff JULIO CESAR GARCIA resides at 1241 Willoughby Avenue, Brooklyn, New York 11237, and was employed by Defendants at SALVATORE'S CORP. D/B/A COPPOLA'S EAST from in or around 2002 until in or around January 2017.

16. Plaintiff CARLOS TAPIA resides at 295 Fort Washington Avenue, New York, New York 10032, and was employed by Defendants at SALVATORE'S CORP. D/B/A COPPOLA'S EAST from in or around April 2015 until in or around September 2017.

17. Plaintiff CESAR TELLO VARGAS resides at 35-63 89th Street, Jackson Heights, New York 11372, and was employed by Defendants at SALVATORE'S CORP. D/B/A COPPOLA'S EAST from in or around April 2012 until in or around May 2015.

18. Plaintiff JULIO CESAR GANDARILLA resides at 32-42 83rd Street, Jackson Heights, New York 11370, and was employed by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST AND SALVATORE'S CORP. D/B/A COPPOLA'S EAST from in or around September 2014 until in or around October 2015.

19. Plaintiff ALEJANDRO MENDEZ resides at 803 West 180th Street, New York, New York 10033, and was employed by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST in or around June 2013.

20. Upon information and belief, Defendant, SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, is a corporation organized under the laws of New York with a principal executive office at 206 W. 79th STREET, NEW YORK, NY 10024.

21. Upon information and belief, Defendant, SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, is a corporation authorized to do business under the laws of New York.

22. Upon information and belief, Defendant SALVATORE COPPOLA owns and/or operates SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
23. Upon information and belief, Defendant SALVATORE COPPOLA is the Chief Executive Officer of SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
24. Upon information and belief, Defendant SALVATORE COPPOLA is an agent of SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
25. Upon information and belief, Defendant SALVATORE COPPOLA has power over personnel decisions at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
26. Upon information and belief, Defendant SALVATORE COPPOLA has power over payroll decisions at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
27. Defendant SALVATORE COPPOLA has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
28. During all relevant times herein, Defendant SALVATORE COPPOLA was Plaintiffs' employer within the meaning of the FLSA and NYLL.
29. Upon information and belief, Defendant MARIAN OUATU owns and/or operates SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
30. Upon information and belief, Defendant MARIAN OUATU is an agent of SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
31. Upon information and belief, Defendant MARIAN OUATU is a general manager of SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
32. Upon information and belief, Defendant MARIAN OUATU has power over personnel decisions at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
33. Upon information and belief, Defendant MARIAN OUATU has power over payroll decisions at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
34. Defendant MARIAN OUATU has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST.
35. During all relevant times herein, Defendant MARIAN OUATU was Plaintiffs' employer within the meaning of the FLSA and NYLL.

36. On information and belief, SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

37. Upon information and belief, Defendant, SALVATORE'S CORP. D/B/A COPPOLA'S EAST, is a corporation organized under the laws of New York with a principal executive office at 378 3rd AVENUE, NEW YORK, NY 10016.

38. Upon information and belief, Defendant, SALVATORE'S CORP. D/B/A COPPOLA'S EAST, is a corporation authorized to do business under the laws of New York.

39. Upon information and belief, Defendant SALVATORE COPPOLA owns and/or operates SALVATORE'S CORP. D/B/A COPPOLA'S EAST.

40. Upon information and belief, Defendant SALVATORE COPPOLA is the Chief Executive Officer of SALVATORE'S CORP. D/B/A COPPOLA'S EAST.

41. Upon information and belief, Defendant SALVATORE COPPOLA is an agent of SALVATORE'S CORP. D/B/A COPPOLA'S EAST.

42. Upon information and belief, Defendant SALVATORE COPPOLA has power over personnel decisions at SALVATORE'S CORP. D/B/A COPPOLA'S EAST.

43. Upon information and belief, Defendant SALVATORE COPPOLA has power over payroll decisions at SALVATORE'S CORP. D/B/A COPPOLA'S EAST.

44. Defendant SALVATORE COPPOLA has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at SALVATORE'S CORP. D/B/A COPPOLA'S EAST.

45. During all relevant times herein, Defendant SALVATORE COPPOLA was Plaintiffs' employer within the meaning of the FLSA and NYLL.

46. Upon information and belief, Defendant KENNY KAISER owns and/or operates SALVATORE'S CORP. D/B/A COPPOLA'S EAST.

47. Upon information and belief, Defendant KENNY KAISER is an agent of SALVATORE'S CORP. D/B/A COPPOLA'S EAST.
48. Upon information and belief, Defendant KENNY KAISER is a general manager of SALVATORE'S CORP. D/B/A COPPOLA'S EAST.
49. Upon information and belief, Defendant KENNY KAISER has power over personnel decisions at SALVATORE'S CORP. D/B/A COPPOLA'S EAST.
50. Upon information and belief, Defendant KENNY KAISER has power over payroll decisions at SALVATORE'S CORP. D/B/A COPPOLA'S EAST.
51. Defendant KENNY KAISER has the power to hire and fire employees, establish and pay their wages, set their work schedule, and maintains their employment records at SALVATORE'S CORP. D/B/A COPPOLA'S EAST.
52. During all relevant times herein, Defendant KENNY KAISER was Plaintiffs' employer within the meaning of the FLSA and NYLL.
53. On information and belief, SALVATORE'S CORP. D/B/A COPPOLA'S EAST is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.
54. At all times relevant to this action, Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).
55. At all times relevant to this action, Defendants were Plaintiffs' employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and Defendants employed and/or jointly employed Plaintiffs.
56. Upon information and belief, Defendants SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST and SALVATORE'S CORP. D/B/A COPPOLA'S EAST shared common management, as both are operated by individual Defendant SALVATORE COPPOLA.
57. Upon information and belief, Defendants SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST and SALVATORE'S CORP. D/B/A COPPOLA'S EAST shared

6

common ownership, as both are owned by individual Defendant SALVATORE COPPOLA.

58. Upon information and belief, Defendants SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST and SALVATORE'S CORP. D/B/A COPPOLA'S EAST shared the same pay practices to pay employees.

59. Upon information and belief, Defendants SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST and SALVATORE'S CORP. D/B/A COPPOLA'S EAST shared employees who would work for both locations.

60. Upon information and belief, Defendants SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST and SALVATORE'S CORP. D/B/A COPPOLA'S EAST functioned as a single integrated enterprise.

## FACTUAL ALLEGATIONS

61. Plaintiff JULIO TELLEZ GARCIA was employed by Defendants from in or around 1998 until in or around August 2017.

62. During Plaintiff JULIO TELLEZ GARCIA'S employment by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST AND SALVATORE'S CORP. D/B/A COPPOLA'S EAST, Plaintiff was a cook, food preparer, kitchen worker, and performing other miscellaneous duties from in or around February 2013 until in or around August 2017.

63. Plaintiff JULIO TELLEZ GARCIA was paid by Defendants approximately $720.00 per week from in or around February 2013 until in or around December 2015 and approximately $790.00 per week from in or around January 2016 until in or around August 2017.

64. Plaintiff worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around February 2013 until in or around August 2017.

65. Although Plaintiff JULIO TELLEZ GARCIA worked approximately sixty (60) hours or more per week during the period of his employment by Defendants from in or around February 2013 until in or around August 2017, Defendants did not pay

Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

66. Plaintiff JULIO CESAR GARCIA was employed by Defendants from in or around 2002 until in or around January 2017.

67. During Plaintiff JULIO CESAR GARCIA'S employment by Defendants at SALVATORE'S CORP. D/B/A COPPOLA'S EAST, Plaintiff was a dishwasher, deliverer, kitchen worker, and performing other miscellaneous duties from in or around February 2013 until in or around January 2017.

68. Plaintiff JULIO CESAR GARCIA was paid by Defendants approximately $460.00 per week from in or around February 2013 until in or around January 2017.

69. Plaintiff worked approximately seventy-eight (78) hours or more per week during his employment by Defendants from in or around February 2013 until in or around January 2017.

70. Although Plaintiff JULIO CESAR GARCIA worked approximately seventy-eight (78) hours or more per week during the period of his employment by Defendants from in or around February 2013 until in or around January 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

71. Furthermore, although Plaintiff JULIO CESAR GARCIA worked approximately thirteen (13) or more hours per day, six (6) days a week from in or around February 2013 until in or around January 2017, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

72. Plaintiff CARLOS TAPIA was employed by Defendants from in or around April 2015 until in or around September 2017.

73. During Plaintiff CARLOS TAPIA'S employment by Defendants at SALVATORE'S CORP. D/B/A COPPOLA'S EAST, Plaintiff was a waiter, and performing other miscellaneous duties from in or around April 2015 until in or around September 2017.

74. Plaintiff CARLOS TAPIA was paid by Defendants approximately $300.00 per week from in or around April 2015 until in or around September 2017.

8

75. Plaintiff worked approximately sixty-six (66) hours or more per week during his employment by Defendants from in or around April 2015 until in or around September 2017.
76. Defendants failed to pay Plaintiff CARLOS TAPIA the legally prescribed minimum wage for his hours worked from in or around April 2015 until in or around September 2017, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.
77. Although Plaintiff CARLOS TAPIA worked approximately sixty-six (66) hours or more per week during the period of his employment by Defendants from in or around April 2015 until in or around September 2017, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
78. Furthermore, although Plaintiff CARLOS TAPIA worked approximately twelve (12) or more hours per day, five (5) to six (6) days a week from in or around April 2015 until in or around September 2017, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.
79. Plaintiff CESAR TELLO VARGAS was employed by Defendants from in or around April 2012 until in or around May 2015.
80. During Plaintiff CESAR TELLO VARGAS'S employment by Defendants at SALVATORE'S CORP. D/B/A COPPOLA'S EAST, Plaintiff was a food runner, cook, kitchen worker, and performing other miscellaneous duties from in or around February 2013 until in or around May 2015.
81. Plaintiff CESAR TELLO VARGAS was paid by Defendants approximately $400.00 per week from in or around February 2013 until in or around May 2015.
82. Plaintiff worked approximately sixty (60) hours or more per week during his employment by Defendants from in or around February 2013 until in or around May 2015.
83. Although Plaintiff CESAR TELLO VARGAS worked approximately sixty (60) hours or more per week during the period of his employment by Defendants from in or around February 2013 until in or around May 2015, Defendants did not pay Plaintiff

9

time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

84. Defendants illegally withheld pay from Plaintiff CESAR TELLO VARGAS during his employment by Defendants.

85. Plaintiff CESAR TELLO VARGAS was not compensated at all for approximately sixty (60) hours of employment by Defendants.

86. Plaintiff JULIO CESAR GANDARILLA was employed by Defendants from in or around September 2014 until in or around October 2015.

87. During Plaintiff JULIO CESAR GANDARILLA'S employment by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST AND SALVATORE'S CORP. D/B/A COPPOLA'S EAST, Plaintiff was a bus boy, food runner, and performing other miscellaneous duties from in or around September 2014 until in or around October 2015.

88. Plaintiff JULIO CESAR GANDARILLA was paid by Defendants approximately $400.00 per week from in or around September 2014 until in or around October 2015.

89. Plaintiff worked approximately fifty-four (54) hours or more per week during his employment by Defendants from in or around September 2014 until in or around October 2015.

90. Although Plaintiff JULIO CESAR GANDARILLA worked approximately fifty-four (54) hours or more per week during the period of his employment by Defendants from in or around September 2014 until in or around October 2015, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

91. Plaintiff ALEJANDRO MENDEZ was employed by Defendants in or around June 2013.

92. During Plaintiff ALEJANDRO MENDEZ'S employment by Defendants at SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, Plaintiff was a cook, and performing other miscellaneous duties in or around June 2013.

93. Plaintiff ALEJANDRO MENDEZ was informed by Defendants that he would be paid approximately $700.00 per week in or around June 2013.

94. Plaintiff worked approximately sixty-six (66) hours or more per week during his employment by Defendants in or around June 2013.
95. Although Plaintiff ALEJANDRO MENDEZ worked approximately sixty-six (66) hours or more per week during the period of his employment by Defendants in or around June 2013, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
96. Defendants illegally withheld pay from Plaintiff ALEJANDRO MENDEZ during his employment by Defendants.
97. Plaintiff ALEJANDRO MENDEZ was not compensated at all for any of his employment by Defendants in or around June 2013.
98. Throughout their employment by Defendants, Plaintiffs were required to clock out for a thirty (30) minute lunch break each shift for which they were not paid but were required to continue working.
99. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
100. Upon information and belief, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.
101. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

102. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:
103. Collective Class: All persons who are or have been employed by the Defendants as food preparers, cooks, waiters, food runners, kitchen workers, dishwashers, or other similarly titled personnel with substantially similar job requirements and pay

provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum wages and overtime wages.

104. Upon information and belief, Defendants employed between 80 and 100 employees within the past three years subjected to similar payment structures.

105. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

106. Defendants' unlawful conduct has been widespread, repeated, and consistent.

107. Upon information and belief, Defendant had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

108. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

109. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

110. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

111. The claims of Plaintiffs are typical of the claims of the putative class.

112. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

113. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

114. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

115. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

116. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

117. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

118. Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

119. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

120. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

121. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

122. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

123. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

124. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Minimum Wages Under The Fair Labor Standards Act

125. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

126. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

127. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

128. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

129. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

130. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

131. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.

132. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount

in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Minimum Wages Under New York Labor Law

133. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

134. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

135. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

136. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

137. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiffs were entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

138. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

139. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

140. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

141. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

142. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SIXTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

143. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

144. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

145. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

146. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with NY Labor Law §198 (1-a).

## SEVENTH CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

147. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

148. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

149. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## EIGTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

150. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

151. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

152. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## NINTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

153. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

154. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3).

155. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs unpaid overtime wages;
c. Awarding Plaintiffs unpaid minimum wages;
d. Awarding Plaintiffs unpaid spread of hours compensation;
e. Awarding Plaintiffs unpaid wages;
f. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
g. Awarding Plaintiffs prejudgment and post-judgment interest;

h. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

i. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 11 day of February 2019.

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---

JULIO TELLEZ GARCIA, JULIO CESAR GARCIA, CARLOS TAPIA, CESAR TELLO VARGAS, JULIO CESAR GANDARILLA, and ALEJANDRO MENDEZ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, SALVATORE'S CORP. D/B/A COPPOLA'S EAST and SALVATORE COPPOLA, MARIAN OUATU, and KENNY KAISER, as individuals,

Defendants.

---

## COLLECTIVE ACTION COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

**TO:**

SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST
206 W. 79TH STREET
NEW YORK, NEW YORK 10024

SALVATORE'S CORP. D/B/A COPPOLA'S EAST
378 3RD AVENUE
NEW YORK, NEW YORK 10016

SALVATORE COPPOLA
206 W. 79TH STREET
NEW YORK, NEW YORK 10024

MARIAN OUATU
206 W. 79TH STREET
NEW YORK, NEW YORK 10024

KENNY KAISER
378 3RD AVENUE
NEW YORK, NEW YORK 10016