UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JULIO TELLEZ GARCIA, JULIO CESAR GARCIA,
CARLOS TAPIA, CESAR TELLO VARGAS, and         Civil Docket No.: 19 Civ. 1301 (JPC)
JULIO CESAR GANDARILLA, individually and on
behalf of all others similarly situated,

                                                  **JUDGMENT**
                             Plaintiffs,

      -against-

SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S
WEST, *et al*.

                             Defendants.
-------------------------------------------------------------------X

    Plaintiffs, JULIO TELLEZ GARCIA, JULIO CESAR GARCIA, CARLOS TAPIA, CESAR TELLO VARGAS, and JULIO CESAR GANDARILLA, ("Plaintiffs"), having commenced this FLSA action against Defendants, SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, SALVATORE'S CORP. D/B/A COPPOLA'S EAST and SALVATORE COPPOLA, as an individual ("Defendants") pursuant to the filing of the Summons and collective action Complaint on February 11, 2019; and

    The Plaintiffs and the Defendants (collectively, "the parties"), having apprised the Court on November 12, 2021, that the parties reached a settlement in principle, in resolution of all claims asserted by all Plaintiffs herein as against all the Defendants in this matter; and

    The parties, having submitted their motion for settlement approval with the Court on December 15, 2021 pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir.

2015) (Dkt. No. 80), together with the parties' Fully Executed Settlement Agreement thereto (Dkt. No. 80-1) (hereinafter, the "Agreement) [1]; and

Whereas, the Court approved of the parties' Agreement, Motion for Settlement Approval, and fairness of the terms thereof, on December 16, 2021 (Dkt. No. 81); and

Whereas, the Defendants' first payment of the Settlement Funds was required to be paid to Plaintiffs by February 10, 2022, and to date, Defendants have failed to tender *any* payment to Plaintiffs per the terms of the parties' fully executed Agreement; and

Whereas, Defendants have not cured their default and to date, the entire amount of Settlement Funds remains outstanding, due and owing to Plaintiffs and to Plaintiffs' counsel, despite Defendants and Defendants' counsel being properly noticed of their default; and

Whereas, pursuant to ¶ 6 of the parties' fully executed Settlement Agreement as well as the annexed Confession of Judgment executed by Defendants therewith, upon signing of the Agreement and in the event that Defendants are in default of any payment(s) under the Agreement, Defendants agreed to be indebted to Plaintiffs in the sum of $90,000.00 less any amounts previously paid pursuant to the Agreement (*Id*, ¶ 6); and

Defendants, to date, have failed to tender any outstanding payments due, or otherwise cure their breach or default, and owe the liquidated amount of $90,000.00;

---

[1] Pursuant to the payment schedule set forth in ¶ 1(a)(i)(ii) of the parties' Agreement, Defendants agreed, and were required to pay the gross sum of Ninety Thousand Dollars and Zero Cents ($90,000.00), inclusive of attorneys' fees and costs (the "Settlement Funds") vis-à-vis eight (8) payments – $20,000 within 60 days of Court approval of the Agreement; then six (6) payments of $10,500, each, payable within ninety (90) days of the due date of each previous installment; then an eighth and final installment payment of $7,000, due within ninety (90) days of the due date of the prior installment. *See* Dkt. No. 80-1 at ¶ 1(a)(i)(ii).

**NOW**, on motion of Roman Avshalumov, Esq., of Helen F. Dalton & Associates, P.C., attorneys for the Plaintiffs, it is hereby:

**ORDERED**, that plaintiffs JULIO TELLEZ GARCIA, JULIO CESAR GARCIA, CARLOS TAPIA, CESAR TELLO VARGAS, and JULIO CESAR GANDARILLA, are entitled to a judgment in the amount of **$90,000.00**, against defendants, SAL 79 ASSOCIATES, INC. D/B/A COPPOLA'S WEST, SALVATORE'S CORP. D/B/A COPPOLA'S EAST and SALVATORE COPPOLA, as an individual jointly and severally, and inclusive of attorney's fees and costs arising from defendants' default under the parties' Settlement Agreement, plus post-judgment interest pursuant to 28 U.S.C. § 1961 accruing as of the date of entry of this judgment, until judgment is paid.

**SO ORDERED:**

Dated: December 15, 2022
       New York, New York

_____
THE HON. JOHN P. CRONAN
United States District Judge
Southern District of New York